STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


14-711


ROBERT H. RHYNE, JR. AND BRENT TRAUTH

VERSUS

OMNI ENERGY SERVICES CORP.


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-4316 C/W 2009-3396
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.


AFFIRMED.


Randy Paul Angelle
Boyer, Hebert, Abels & Angelle, LLC
401 East Mills Avenue
Breaux Bridge, LA 70517
Telephone: (337) 336-8285
COUNSEL FOR:
    Defendants/Appellees - Edward E. Colson, III, Dennis R. Sciotto, and
    Ronald E. Gerevas

Alan K. Breaud
Timothy Wayne Basden
Breaud & Meyers, APLC
P. O. Box 3448
Lafayette, LA 70503
Telephone: (337) 266-2200
COUNSEL FOR:
    Plaintiff/Appellee - OMNI Energy Services Corp.

**David Michael Kaufman**
**Elmore, Griffin**
**P. O. Box 4604**
**Lafayette, LA 70502-4604**
**Telephone: (337) 233-2417**
**COUNSEL FOR:**
**Defendants/Appellants - Robert H. Rhyne, Jr. and Brent Trauth**

**André F. Toce**
**The Toce Firm, PLC**
**1112 Bayou Tortue Road**
**Broussard, LA 70518**
**Telephone: (337) 233-6818**
**COUNSEL FOR:**
**Defendants/Appellants - Robert H. Rhyne, Jr. and Brent Trauth**

**Robert Joseph Burns, Jr.**
**2141 Quail Run Drive**
**Baton Rouge, LA 70808**
**Telephone: (225) 767-7730**
**COUNSEL FOR:**
**Defendant/Appellee - XL Specialty Casualty Company**

**David Michael Thorguson**
**Bourgeois Thorguson, L.L.C.**
**P. O. Box 3006**
**Morgan City, LA 70381-3006**
**Telephone: (985) 384-2055**
**COUNSEL FOR:**
**Defendans/Appellees - Edward E. Colson, III, Dennis R. Sciotto, and Ronald E. Gerevas**

**THIBODEAUX, Chief Judge.**

This dispute boasts a lengthy and complex procedural history, in which Robert H. Rhyne, Jr. and Brent Trauth appeal a Lafayette Parish trial court judgment that (1) denied appellants' exception of lack of jurisdiction, (2) granted appellee's exception of no cause of action, and (3) granted defendant XL Specialty Insurance's motion for summary judgment. Appellants Rhyne and Trauth asserted claims against OMNI Energy Services (OMNI), seven OMNI Directors, XL Specialty Insurance Company, Richard Mager, and Cove Properties, LLC in federal court, Iberia Parish, St. Martin Parish, and Lafayette Parish. The claims asserted related to a Stock Purchase and Sales Agreement (SPSA) between OMNI and Preheat Inc., sold by Rhyne and Trauth.

All claims against OMNI and the directors in their capacity as directors were ultimately dismissed in St. Martin Parish. Three directors then remained in the litigation for acts or omissions outside of their director capacity. The suit was transferred to Lafayette Parish and consolidated with a suit previously filed by OMNI against Rhyne and Trauth. That original Lafayette suit was appealed and a decision rendered by this Court in *Omni Energy Services Corp. v. Robert H. Rhyne, Jr., et al.*, 14-251 c/w 14-322, 14-323 (La.App. 3 Cir. 10/15/14), __ So.3d __. The remaining defendants in the current suit now before this Court were dismissed by the trial court via a grant of no cause of action and motion for summary judgment.

Reasoning that (1) the trial court had jurisdiction to hear the exceptions, (2) appellants have no right of action to maintain the suit after they confessed no claims against the directors outside their capacity as OMNI directors

exist, and (3) XL Specialty Insurance Company is not liable to Rhyne and Trauth, we affirm the trial court's April 14, 2014 judgment as amended.

## I.

## ISSUES

We are entreated to consider whether:

1. the trial court had jurisdiction to rule on the exception of no cause of action and motion for summary judgment when the question of venue was on appeal in the consolidated case.

2. the portion of the appeal relating to the April 26, 2011 judgment should be stricken from the appellants' brief.

3. the trial court erred in granting defendants' exception of no cause of action.

4. the trial court erred in granting XL Specialty Insurance's motion for summary judgment.

## II.

## FACTS AND PROCEDURAL HISTORY

The claims originally asserted by plaintiffs/appellants related to a Stock Purchase and Sales Agreement (SPSA) between OMNI and Preheat Inc., whereby OMNI purchased Preheat via stock sold by Rhyne and Trauth. As per the agreement, Rhyne and Trauth would operate Preheat as OMNI employees. As part of the purchase price, OMNI issued two promissory notes. Payment on the promissory notes would not be made to Rhyne and Trauth, however, if either resigned or was terminated with cause before the maturity date on the notes. Prior to the maturity dates, Rhyne was terminated with cause, and Trauth allegedly resigned. Rhyne and Trauth filed suit alleging several alternative theories of

2

recovery including nullity of the SPSA, wrongful termination, and tortious interference with the SPSA.

This suit currently on appeal arises from Docket Number 2013-4316 (Lafayette Parish II), which was originally filed in federal court. The federal issues were dismissed and the federal court declined to extend pendent jurisdiction over the remaining issues. The suit was later filed in St. Martin Parish on May 10, 2010, and ultimately transferred to Lafayette Parish. Once in Lafayette, the case was consolidated with Docket Number 2009-3396 (Lafayette Parish I) originally filed on June 9, 2009.

In response to the suit filed in St. Martin Parish, defendants OMNI and the directors filed exceptions of venue and *lis pendens*. Those directors included Richard White, Barry Kaufman, Brian Recatto, James Eckert, Dennis Sciotto, Edward Colson, III, and Ronald Gerevas. The district court granted the exceptions on April 26, 2011, specifically to OMNI, White, Kaufman, Recatto, and Eckert. The exceptions were also granted in part to Sciotto, Colson, and Gerevas, but only for any acts or omissions occurring outside their duties as directors. Therefore, the remaining defendants after the judgment on the exceptions were Richard Mager, Cove Partners, Sciotto, Colson, and Gerevas, with the liability of the later three only arising from claims against them outside their capacity as directors. The judgment on the exceptions of venue and *lis pendens* was not appealed and a supervisory writ was not applied for.

The St. Martin Parish suit was then removed to federal court by defendants Richard Mager and Cove Partners, LLC, but ultimately remanded to St. Martin Parish on May 1, 2012. Appellants did not appeal or seek supervisory writs

for the April 26, 2011 grant of exceptions of venue or *lis pendens* either before removal or after remand to St. Martin Parish.

Meanwhile, in Lafayette Parish I, appellants Rhyne and Trauth filed a reconventional demand that reiterated the allegations made by them in the St. Martin Parish suit, including those claims against parties that had been dismissed in St. Martin.

On March 6, 2013, defendant directors Sciotto, Colson, and Gerevas filed a peremptory exception of no cause of action in the St. Martin Parish suit. The directors stated that they were dismissed from the suit in their official capacity as directors of OMNI by the grant of improper venue and *lis pendens*. They next alleged that Rhyne and Trauth's petition did not assert any claim against them outside of their official capacity, and, therefore, there was no cause of action remaining against them. Prior to the hearing on the exception, the remaining parties agreed to transfer the suit to Lafayette and consolidate it with the case already pending there. The suit was transferred to Lafayette and consolidated with Docket Number 2009-3396 (Lafayette Parish I) as per agreement of the parties. The suits continued on two separate tracts. The exception of no cause of action, originally filed in St. Martin Parish, was now set for hearing in Lafayette.

Prior to the no cause of action hearing, appellants Rhyne and Trauth filed a pleading titled "Peremptory Exception of Lack of Jurisdiction" alleging that the court had no jurisdiction to hear the exception. Rhyne and Trauth based their argument on the fact that Lafayette Parish I was on appeal. The appeal asked whether the trial court erred in partially denying a motion for new trial in Lafayette Parish I, which dismissed all claims against the directors, defendants-in-reconvention, in their official capacity on the grounds of prescription. Appellants

4

contend that the decision on appeal would inherently decide whether or not venue had been proper in federal court and in St. Martin Parish for the claims against the directors. Furthermore, that the decision on appeal is intertwined with the no cause of action exception at issue in the Lafayette Parish II suit. The trial court in Lafayette Parish II ultimately denied Rhyne and Trauth's exception of no jurisdiction in a judgment dated April 14, 2014. The trial court further granted defendant directors' exception of no cause of action as well as XL Specialty Insurance Co.'s motion for summary judgment. Rhyne and Trauth now appeal that April 14, 2014 judgment in Lafayette Parish II.

## III.

## LAW AND DISCUSSION

### Denial of Exception of Lack of Jurisdiction

An exception of lack of subject matter jurisdiction raises a question of law, which is reviewed de novo. *Gandy v. Key Realty, L.L.C.*, 13-712 (La.App. 3 Cir. 12/11/13), 128 So.3d 678.

Appellants argue that the trial court in Lafayette Parish II was divested of jurisdiction to take any action while the partial denial of a motion for new trial in Lafayette Parish I was being appealed. The motion for new trial was related to a prior November judgment in Lafayette Parish I. In that judgment, the trial court granted plaintiffs-in-reconvention a new trial only for alleged tortious interference claims against three defendants-in-reconvention, namely Sciotto, Colson, and Gerevas. This judgment therefore denied the new trial, but carved out and maintained those claims pending in Lafayette II.

5

According to Louisiana Code of Civil Procedure Article 2088, jurisdiction of the trial court is divested over all matters in the case reviewable under the appeal when one has been timely filed and granted. Matters not reviewable under the appeal, however, remain within the jurisdiction of the trial court. La.Code Civ.P. art. 2088.

When two cases are consolidated, they each retain their own status as separate procedural entities. *Dendy v. City Nat. Bank*, 06-2436 (La.App. 1 Cir. 10/17/07), 977 So.2d 8. "Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation" and "filing a pleading or motion in one of several consolidated cases does not procedurally affect the others." *Id*. at 12. The Louisiana Supreme Court has stated that consolidation is "a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; it does not merge the parties, affect the running of delays, or authorize consolidation of judgments or appeals." *Davis v. Am. Home Prods. Corp.*, 95-1035, p. 1 (La. 5/19/95), 654 So.2d 681, 681. Furthermore, an appeal in a proceeding that has previously been consolidated with another "does not serve as such to the benefit of another party in the joined action." *Darouse v. Mamon*, 201 So.2d 362, 364 (La.App. 1 Cir. 6/30/67).

The issues remaining in the Lafayette Parish II suit, from which this appeal originates, are those involving the alleged intentional acts of defendant-directors Sciotto, Colson, and Gerevas in their capacity outside that of directors for OMNI. Those issues pertaining to XL Specialty Insurance Company also remain. These are the sole remaining issues that were transferred to Lafayette Parish from St. Martin Parish. The St. Martin Parish trial court dismissed claims against OMNI

6

as well as all directors in their official capacity for improper venue and *lis pendens*, thereby leaving only the claims against directors outside their director capacity.

The issues in front of the trial court in the Lafayette Parish II suit were specifically left out of the judgment rendered in Lafayette Parish I from which an appeal was taken. The judgment in Lafayette Parish carved out the issues of the directors outside their capacity as directors for future consideration. Therefore, the trial court did not lose jurisdiction over Lafayette Parish II because the issues in this suit were not reviewable on appeal in the consolidated case.

## Motion to Strike the April 26, 2011 Judgment from Appellants' Brief

Appellants Rhyne and Trauth essentially seek to appeal the April 26, 2011 judgment (2011 Judgment) rendered in St. Martin Parish, which dismissed several parties from the litigation based on improper venue and *lis pendens*. The parties dismissed were OMNI, Richard White, Barry Kaufman, Brian Recatto, and James Eckert. The judgment also dismissed claims against Dennis Sciotto, Edward Colson, III, and Ronald Gerevas in their official capacity as directors of OMNI, but maintained those claims against them in any capacity outside that of directors. Appellees argue that the 2011 Judgment was an immediately appealable, final judgment, and that the time delay for appeal has run. Appellees, therefore, request that all argument related to the 2011 Judgment be stricken from appellants' brief.

Louisiana Code of Civil Procedure Article 1915(A) states in pertinent part:

A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

7

> (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or interveners.

Therefore, when "one party is completely dismissed from a suit, the judgment is final under Article 1915(A)(1), and there is no requirement to have it designated as final." *Jeansonne v. New York Life Ins. Co.*, 08-932, p. 9 (La.App. 3 Cir. 5/20/09), 11 So.3d 1160, 1168. The judgment dismissing OMNI, White, Kaufman, Recatto, and Eckert was final under 1915(A) because these parties were completely dismissed from the suit, and was even designated as final by the district court judge in the 2011 Judgment. The judgment as to the remaining defendants, Sciotto, Colson, and Gerevas, was an interlocutory judgment and not immediately appealable.

Under Louisiana Code of Civil Procedure Article 1915(B)(1), "a partial judgment as to one or more but less than all of the claims, demands, issues, or theories against a party . . . shall not constitute a final judgment unless designated as a final judgment. . . ." There was no such designation by the judge in this case. The 2011 Judgment dismissed only those claims against Sciotto, Colson, and Gerevas in their capacity as directors, but left any claims against them outside that capacity to be litigated. The judgment as to these remaining parties was interlocutory and not final. "An interlocutory judgment is appealable only when expressly provided by law." La.Code Civ.P. art. 2083.

However, the 2011 Judgment cannot be considered now on appeal even though it was an interlocutory judgment as to the parties then. The 2011 Judgment dismissed claims against the remaining defendants, now appellees, in their capacity as directors because of improper venue and *lis pendens*. In order to challenge a venue decision, if the judgment is not otherwise appealable, a timely

8

supervisory writ must be sought with the court of appeal. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36. "[L]itigants are required to seek review via supervisory writs. Failure to timely file a writ application on a venue ruling amounts to a waiver of any objection thereto." *Id* at 40. Plaintiffs did not seek a supervisory writ for the venue issue at any time in this litigation and, therefore, the 2011 Judgment dismissing those claims against appellees in their director capacity because of improper venue is final.

Based upon the foregoing, the only judgment properly before this Court is that of April 14, 2014 in the Lafayette Parish II suit, in which Sciotto, Colson, and Gerevas remain in a non-director capacity, as well as claims against XL Specialty Insurance Company. Appellants' assignments of error and arguments addressing the 2011 judgment are hereby ordered stricken from appellants' brief.

### Grant of Peremptory Exception of No Cause of Action

At issue on this appeal is whether there existed a cause of action in the Lafayette Parish II suit. When the suit was transferred from St. Martin Parish to Lafayette, the remaining claims were against Dennis Sciotto, Edward Colson, III, and Ronald Gerevas for actions taken outside of their official capacity as directors of OMNI. A cause of action must exist on the face of the complaint. La.Code Civ.P. art. 891. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code. Civ.P. art. 931. Therefore, in reviewing the trial court's grant of no cause of action, the question presented is whether the original petition filed in St. Martin

Parish stated a cause of action against these remaining defendants in a non-director capacity.

However, due to a judicial confession made by Mr. Toce, appellants' counsel, this Court will exercise its authority to take notice of an exception of no right of action in this case, as opposed to a no cause of action. According to Louisiana Code of Civil Procedure Article 927(B), the failure of a party to state a right of action may be judicially noticed on the court's own motion at both the trial and appellate level. "Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain [the] suit." *Roy O. Martin Lumber Co. v. Saint Denis Securities Co.*, 72 So.2d 257, 258 (La.1954). In determining whether the plaintiff has a legal interest in the litigation, the court is not limited to the petition as it is with determining whether a cause of action exists. *Arcadian Corp. v. Olin Corp.*, 97-174 (La.App. 3 Cir. 6/18/97), 698 So.2d 9. Instead, evidence is admissible to show whether the plaintiff has the right he claims. *Id.*

Mr. Toce made an in-court statement that Rhyne and Trauth do not have any claims against Sciotto, Colson, and Gerevas as individuals outside of their capacity as OMNI directors. "A judicial confession is a declaration made by a party in a judicial proceeding. The confession constitutes full proof against the party who made it." La.Civ.Code art. 1853. "Responses by counsel to questions posed by the court may constitute judicial confessions, thereby relieving the opposition of the necessity of introducing evidence." *Compensation Specialties, L.L.C. v. New England Mut. Life Ins. Co.*, 08-1549, p. 9 (La.App. 1 Cir. 2/13/09), 6 So.3d 275, 281, *writ denied*, 09-575 (La. 4/24/09), 7 So.3d 1200.

On December 9, 2013, during the hearing for consolidation of the two Lafayette cases, Mr. Toce stated on the record that plaintiffs, Rhyne and Trauth,

"really don't have any claims [against the remaining three defendants] outside their capacity as Directors. The tortious interference claim is because they were Directors and Officers . . . Unless they are Officers and Directors, there is no tortious interference claim." Therefore, because the only remaining claim in this suit is against Sciotto, Colson, and Gerevas outside of their capacity as Directors for OMNI, and Mr. Toce has admitted that the plaintiffs do not have any claims against them in this capacity, no right of action exists. This Court recognizes, on its own motion, and grants an exception of no right of action, dismissing defendants Sciotto, Colson, and Gerevas.

**Grant of Summary Judgment in Favor of XL Specialty Insurance Co.**

The grant or denial of a motion for summary judgment is reviewed de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (citations omitted); La.Code Civ.P. art. 966.

XL Specialty Insurance Company insured OMNI and OMNI directors by the definition of "Insured Person" in its policy with OMNI. All director defendants in their official capacity were previously dismissed in St. Martin Parish. Now, all claims against director defendants, in all capacities, in this litigation are dismissed. There is no potential coverage under the policy for which XL Specialty may be liable. The grant of XL Specialty Insurance Company's motion for summary judgment was proper.

## V.

## <u>CONCLUSION</u>

Based upon the foregoing, the April 14, 2014 judgment denying Rhyne and Trauth's exception of lack of jurisdiction, and granting XL Specialty Insurance's motion for summary judgment is affirmed. Further, the Court grants an exception of no right of action dismissing the remaining defendants. All costs of this appeal are assessed to Appellants, Robert H. Rhyne and Brent Trauth.

**AFFIRMED.**