# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 18-634


ARMSTEAD FRANKLIN, ET AL.

VERSUS

CITY OF ALEXANDRIA



\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 228,034
HONORABLE JAMES HUGH BODDIE, JR., DISTRICT JUDGE AD HOC

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


**AFFIRMED. MOTION FOR PARTIAL DISMISSAL AND/OR MOTION TO STRIKE DENIED AS MOOT.**

**Samuel L. Jenkins,  Jr.**
**Attorney at Law**
**2419 Kings Highway**
**Shreveport, Louisiana  71103**
**(318) 636-4266**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Armstead Franklin, et al.**

**Larry English**
**Attorney at Law**
**604 Riverside 2C**
**New York, New York  10031**
**(212) 281-7158**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Armstead Franklin, et al.**

**Howard B. Gist, III**
**The Gist Firm, A P.L.C.**
**Post Office Box 13705**
**Alexandria, Louisiana  71315**
**(318) 448-1632**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Alexandria**

**Claude F. Reynaud,  Jr.**
**Carroll Devillier, Jr.**
**Breazeale, Sachse & Wilson, L.L.P.**
**Post Office Box 3197**
**Baton Rouge, Louisiana  70821-3197**
**(225) 387-4000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Alexandria**

**Charles E. Johnson, Jr.**
**Attorney at Law**
**Post Office Box 71**
**Alexandria, Louisiana  71309-0071**
**(318) 449-5015**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **City of Alexandria**

**CONERY, Judge.**

The trial court dismissed the plaintiffs' claim for damages related to alleged overcharges by the municipally-owned utility system of the City of Alexandria (City) upon a determination of lack of subject matter jurisdiction. The plaintiffs appeal, challenging the trial court's determination that the September 27, 2017 petition instituting the matter for review of a May 20, 2017 Alexandria City Council (City Council) administrative ruling was untimely. The City responds to the appeal and additionally files a Motion for Partial Dismissal and/or Motion to Strike. For the following reasons, we affirm the trial court's ruling and deny the City's motion as moot.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs in this matter are customers of the utility system owned and operated by the City. By their May 2007 petition, as well as by amending petitions, the plaintiffs alleged that the City overcharged its customers "for a period of time dating from 1997 to the present." They asserted, in part, that such overcharges resulted from "the City's incorrect calculations of the fuel adjustment costs for electricity and the incorrect application of the monthly fuel adjustment rates." Holding themselves out as representatives of a potential class,[1] the plaintiffs cited both tort and contract theories of recovery. They sought restitution for overcharges, damages, attorney fees, and costs.

Following a period of removal to federal court, the City responded to the 2007 petition with an exception of lack of subject matter jurisdiction and alleged

_____

[1] The plaintiffs cited the potential of class certification in seeking the recusal of the judges of the Ninth Judicial District Court on the grounds of La.Code Civ.P. art. 151(A)(3), (A)(4), and (B)(4). Each of the judges of that court thereafter entered orders of self-recusal. On April 2, 2013, the Louisiana Supreme Court appointed Judge James H. Boddie, Jr., to serve as judge ad hoc of the matter.

that the plaintiffs' claim advanced a "rate claim" over which the City Council had primary jurisdiction. Thus, the City requested that the trial court defer the matter to the City Council and dismiss the suit pending resolution of the claim. By September 13, 2016 judgment, the trial court sustained the City's exception. It did so "based on the doctrine of primary jurisdiction" and upon finding that the City Council, "as the statutory governing body of the City Utility of Alexandria, Louisiana, should be the legislative body that initially considers the allegations made by Plaintiffs' herein, with the exception of Plaintiffs' claims for damages and attorneys' fees[.]" The judgment "specifically reserved and retained" the latter claims for the trial court's resolution but dismissed the plaintiffs' foundational suit without prejudice. The judgment declared that the plaintiffs' suit "may be brought for judicial review once the Alexandria City Council fully adjudicates Plaintiffs' allegations as a matter of first instance." The record contains no indication that the plaintiffs sought review of that judgment by either application for supervisory writs or by appeal.

Following the September 2016 judgment, the City Council passed Ordinance No. 178-2016, which provided, in part, the procedure for the adjudication of the plaintiffs' claims, authorization for the City Attorney to select an administrative law judge (ALJ), and applicable deadlines for the administrative process. Ordinance No. 178-2016 further provided that "the ALJ shall enter the appeals order detailing his or her procedure for conducting the appeal, in compliance with this Ordinance, to be completed in the form of his or her issuance of written reasons, certified as appealable, on or before July 28, 2017." After the appointment of the ALJ, the matter proceeded through the procedure designated by the City Council Ordinance.

Before the completion of that proceeding, however, the plaintiffs returned to the Ninth Judicial District Court in March 2017 by filing a "Petition for Judicial Review and a Stay Order of City Council Action and to Re-Urge Petition for Damages and Class Certification." The plaintiffs questioned the proceedings in the City Council and asserted that those proceedings operated in derogation of certain constitutional protections. Thus, the plaintiffs sought an order staying further actions of the City Council. In turn, the plaintiffs re-urged their claims before the trial court. The trial court denied the plaintiffs' request for a stay.

Following that denial, the City responded to the remainder of the March 2017 petition with the filing of a Dilatory Exception of Prematurity and Request for Sanctions. The City explained to the trial court that the City Council continued in the process of adjudicating the previously dismissed claims. Before the exception was heard, however, the ALJ completed the administrative proceedings and issued his final determination. On July 20, 2017, the ALJ signed an Order of Appeal in Connection with the Review Hearing Contemplated and Required by Ordinance No. 178-2016 of the City Council of the City of Alexandria, Louisiana (Order of Appeal).

By the Order of Appeal, the ALJ issued numerous findings of facts reflecting that, in contrast to documentary evidence submitted by the City, the plaintiffs offered no evidence in support of their claims. The plaintiffs instead entered only written objection. The ALJ ultimately found, in sum, that the City acted reasonably and within its discretion as a rate-making authority or body politic.

Turning to pertinent conclusions of law, the ALJ reviewed portions of the Alexandria Home Rule Charter and statutory authority relevant to the City's operation of a public utility, as well as sources of law addressing the procedures set

3

forth by Ordinance No. 178-2016. Finally, and relevant here, the ALJ concluded his Order of Appeal by providing the process for review as follows:

> This Order is intended to constitute the "appeal order," that creates an appealable judgment, and written reasons by findings of fact and conclusions of law, as required by Section IV(6)(F) of Ordinance No. 178-2016, and, to that end (and in conformity therewith), the undersigned ALJ hereby certifies this Order as appealable. A copy of this Order shall be provided to the presiding judge in the Franklin Litigation (as defined in Ordinance No. 178-2016), and to the Clerk of Court of the Ninth Judicial District Court, to serve as occasion may require.

With the Order of Appeal issued only days before, the trial court heard the exception of prematurity on July 26, 2017. The trial court sustained that exception by August 24, 2017 judgment. It again dismissed the plaintiffs' claims without prejudice. The judgment further reflects that the trial court also dismissed the City's request for sanctions at that time. As with the initial dismissal, the record does not reflect that the plaintiffs sought review of the August 24, 2017 judgment by either application for supervisory writs or by appeal.

The matter instead returned to the trial court on September 27, 2017, when the plaintiffs filed a Petition for Judicial Review of City Council Action and to Re-Urge Petition for Damages and Class Certification. By the petition, the plaintiffs summarized the City Council's administrative procedure, noted that they filed objections thereto, and again asserted that the procedure employed affected certain constitutional rights. In doing so, the plaintiffs referenced La.Const. art. 1, § 2 (Due Process of Law), La.Const. art. 1, § 3 (Right to Individual Dignity), La.Const. art. 1, § 22 (Access to Courts), La.Const. art. 1, § 23 (Prohibited Laws). Notwithstanding their challenge to the ordinances underlying the administrative procedure, the plaintiffs asserted by this petition that they had "exhausted administrative review by the City Council" and were, thus, entitled to re-urge their

4

previously dismissed claims. In addition to doing so, the plaintiffs re-urged their 2007 motion for class certification.

In response to the 2017 petition, the City filed an exception of lack of subject matter jurisdiction. The City chiefly asserted that the trial court lacked jurisdiction due to the length of time between the ALJ's July 20, 2017 Order of Appeal and the September 27, 2017 filing of the petition. The City attached its memorandum in support and detailed the subject administrative procedure. It specifically noted that Ordinance No. 178-2016 required the ALJ to "enter the appeals order detailing his or her procedure for conducting the appeal, in compliance with this Ordinance," and to do so "on or before July 28, 2017." The ALJ did so on July 20, 2017. Yet, the City pointed out, the plaintiffs did not seek review until September 27, 2017. Focusing on the sixty-nine day delay from the ALJ's Order of Appeal, the City asserted that the order constituted a final judgment.

In advancing the appropriate delay for review to be used for calculation purposes, the City primarily urged the forty-five day period provided by La.R.S. 45:1192. The City alternatively argued that the petition for review was untimely even if otherwise considered in light of the thirty-day period applicable to matters under La.R.S. 49:964 of the Administrative Procedure Act (APA) or the sixty-day judicial appellate deadline provided by La.Code Civ.P. art. 2087.

Opposing the exception of lack of subject matter jurisdiction, the plaintiffs argued that none of the timelines cited by the City were applicable. The plaintiffs instead noted that the July 20, 2017 Order of Appeal contained no time limitation for appeal and that the trial court's earlier dismissal of the suit was without prejudice so as to permit reinstitution of that claim.

5

At the hearing on the exception, the trial court rejected the plaintiffs' claim in opposition. It instead noted the thirty-day period of the APA had well expired by the time of the plaintiffs' September 27, 2017 petition. And, alternatively, the trial court noted the expiration of the appellate delay of La.Code Civ.P. art. 2087 as well. By February 9, 2018 judgment, the trial court granted the exception of lack of subject matter jurisdiction and dismissed the plaintiffs' claim with prejudice.

The plaintiffs appeal that judgment, assigning the following as error:

> 1. The Trial Court erred in entering its September 13, 2016 judgment granting Defendant's Declinatory Exception of Lack of Subject Matter Jurisdiction and dismissing Plaintiffs' claims without prejudice because (a) the doctrine of primary jurisdiction was inapplicable to the instant matter since the action was not a rate case, (b) plaintiffs' claims sought damages for breach of contractual and fiduciary duties and negligence by the City of Alexandria (City), and (c) plaintiffs' claims fell squarely within the subject matter jurisdiction vested in the district court.
>
> 2. The Trial Court erred in entering its August 24, 2017 judgment *granting* Defendant's Dilatory Exception of Prematurity and *dismissing* Plaintiffs' Petition for Judicial Review and to Re-urge Petition for Damages and Class Certification because (a) City of Alexandria Ordinance 178 of 2016 (Ordinance) was ripe for judicial review upon final passage on November 29, 2016, (b) plaintiffs adversely affected did not have to wait until the remedy being a "Rebate Process" was implemented before raising their objections to the constitutionality and applicability of the Ordinance to their vested rights, and (c) the remedy proposed under the Ordinance could not be retroactively applied so as to divest plaintiffs of vested rights in their cause of action.
>
> 3. The Trial Court erred in entering its February 9, 2018 judgment *granting* Defendant's Declinatory Exception of Lack of Subject Matter Jurisdiction and *dismissing* Plaintiffs' claims with prejudice, because (a) plaintiffs' "rate claims" had been partially dismissed, without prejudice, to be returned to court upon completion of action by the City Council … (b) any alleged time limitations raised by the Defendants were not applicable to Plaintiffs' rights to their claims heard by the court, and (c) plaintiffs' claims could be re-institute[d] before the court pursuant to La.Civil Code art. 1673.

(Emphasis in original.)

## LAW AND DISCUSSION

### *Motion for Partial Dismissal and/or Motion to Strike*

Before turning to the plaintiffs' assignments, we first note that the City has filed a Motion for Partial Dismissal and/or Motion to Strike with this court. By the pleading, the City contends that the plaintiffs' appeal designates only the February 1, 2018 judgment dismissing their claim with prejudice. The City points out that the plaintiffs' first two assignments address the two prior judgments of dismissal. Since appeals were not taken from the 2016 and 2017 rulings, the City contends, those judgments must be viewed as final. It urges this Court to strike the plaintiffs' related assignments and arguments.

We below determine that resolution of the plaintiffs' third assignment is determinative, as we conclude that an affirmation of the trial court's ruling that it lacked subject matter jurisdiction is warranted. Therefore, discussion of the two preceding judgments is precluded as discussion of those assignments would involve consideration of matters occurring prior to the trial court's loss of jurisdiction. For that reason, the City's motion is denied as moot. *See Metro Riverboat Assoc., Inc. v. La. Gaming Control Bd.*, 01-0185 (La. 10/16/01), 797 So.2d 656 (wherein the supreme court determined that the court of appeal acquired no appellate jurisdiction to address the merits of a claim when the district court had none as an initial matter).

### *Exception of Lack of Subject Matter Jurisdiction*

Turning to the merits of the plaintiffs' claim, and as related in the factual background, the trial court sustained the City's exception of lack of subject matter jurisdiction upon a finding that all potential delays for review of the July 20, 2017 Order of Appeal expired prior to the plaintiffs' filing of their September 27, 2017

petition for review.  The Order of Appeal had thus become final and was not subject to further review under the trial court's jurisdiction.  *See, e.g.*, *Smith v. City of Minden*, 622 So.2d 1206, 1208 (La.App. 2 Cir. 1993) ("[T]he timeliness of … an appeal from governmental administrative determinations is jurisdictional in nature, and once the delays have run the decision becomes final."); *Robinson v. City of Baton Rouge*, 566 So.2d 415, 418 (La.App. 1 Cir. 1990) ("[I]t is well settled that once the delays for appeal have run, an administrative ruling becomes final and is res judicata.  Absent the timely filing of an appeal or petition for judicial review of an administrative ruling, the courts of this state lack jurisdiction to review that ruling." (Citations omitted.)).  On review, we consider the exception of lack of subject matter jurisdiction pursuant to the *de novo* standard of review as the inquiry is one of law.  *See Rhyne v. OMNI Energy Servs.*, 14-711 (La.App. 3 Cir. 12/10/14), 155 So.3d 155.

As reported above, the City filed the exception of lack of subject matter jurisdiction in response to the plaintiffs' September 27, 2017 filing of the Petition for Judicial Review of City Council Action and to Re-Urge Petition for Damages and Class Certification.  It noted the sixty-nine day delay in filing from the issuance of the Order of Appeal.  At the time of the hearing on the exception, the parties considered whether thirty, forty-five, or sixty-day delay periods were applicable to the filing for appellate review of the City Council's determination of July 20, 2017.  We consider each of these.

Louisiana Revised Statutes 45:1192

The City primarily suggested that the delay for review of the City Council ruling must be derived from La.R.S. 45:1192, the provision addressing judicial review of the Louisiana Public Service Commission (LPSC).  The City

8

acknowledges that La.Const. art. 4, § 21(C)[2] specifically exempts city-owned utilities from the regulation of the LPSC. It notes, though, that La.Const. art. 4, § 21(E) (emphasis added) further provides for a right of appeal applicable to either the commission or a "*public utility* under the provisions of Subparagraph (3) of (D) of this Section."[3] The City writes that, "[t]hus, the appellate procedures and standards of review applicable to LPSC decisions should be equally applied to decisions by municipally-owned utilities."

With regard to such LPSC orders, La.R.S. 45:1192 (emphasis added) provides for a forty-five day delay as follows:

> If any of the persons, mentioned in R.S. 45:1191, or other party in interest, shall be dissatisfied with any order entered by the commission, adopting, fixing, changing, altering, or modifying, any rate, classification, rule, charge, or general regulation, and no application for rehearing is filed, *the dissatisfied person may, within forty-five days after the order made by the commission becomes effective, file in a court at the domicile of the commission, a petition setting forth the particular cause of objection to the order or regulation of the commission complained of.* When a timely application for a rehearing has been made at the commission, the time for appeal does not commence until the date of the commission order disposing of the rehearing application. All such cases shall be tried in the same manner as civil cases and shall be given precedence over all other civil cases in the court, and shall be heard and determined as

---

[2] Article 4, § 21(C) provides, in part, that:

> The commission shall have no power to regulate any common carrier or public utility owned, operated, or regulated on the effective date of this constitution by the governing authority of one or more political subdivisions, except by the approval of a majority of the electors voting in an election held for that purpose; however, a political subdivision may reinvest itself with such regulatory power in the manner in which it was surrendered.

[3] Inapplicable in this case, La.Const. art. 4, § 21(D)(3) provides:

> After the effective filing date of any proposed schedule by a public utility which would result in a rate increase, the commission may permit the proposed schedule to be put into effect, in whole or in part, pending its decision on the application for rate increase and subject to protective bond or security approved by the commission. If no decision is rendered on the application within twelve months after such filing date, the proposed increase may be put into effect, but only if and as provided by law and subject to protective bond or security requirements, until final action by a court of last resort.

speedily as possible. The court may affirm the order of the commission complained of, or it may change, modify, alter, or set it aside, as justice may require.

Although this provision is applicable to the LPSC, the City contends that jurisprudence indicates that this appellate process must be extended to the decision regarding municipal utilities.

Namely, the City references *Gordon v. City of New Orleans*, 08-0929 (La. 4/3/09), 9 So.3d 63, wherein the supreme court reviewed a decision of the City Council of New Orleans stemming from the Council's utility rate making process. In considering the appropriate standard of review, the supreme court observed that, "[j]ust as the LPSC has exclusive statewide regulatory and rate making powers over public utilities, the Council has exclusive regulatory and rate making authority over public utilities in New Orleans." *Id.* at 72. The court further referenced its history of reviewing orders of the LPSC under the arbitrary and capricious standard and concluded that, "[a]s both the LPSC and the Council are regulators of public utilities and experts in their knowledge of that field, we apply the same standard of review to the Council as we do to the LPSC." *Id.* Accordingly, the supreme court applied the arbitrary and capricious standard to the matter before it. *Id.* The City contends that the extension applicable in *Gordon* is also applicable as the Order of Appeal was made in the course of the Council's rate-making authority.

Significantly, the extension of the reasoning in *Gordon* related to the applicable standard of review. It did not relate to the timeliness of a petition for review and, in turn, consideration of subject matter jurisdiction. Pointedly, La.Code Civ.P. art. 3457 provides that: "There is no prescription other than that established by legislation." In this case, La.R.S. 45:1192 does not provide that prescriptive period.

10

Administrative Procedure Act

While the City primarily urged the applicability of the forty-five day period of La.R.S. 45:1191, it alternatively suggested that the matter was untimely upon the application of the thirty-day period of the APA. In this regard, La.R.S. 49:964(B) provides that:

> Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after the transmittal of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon.

While the City acknowledges that this matter did not proceed under the APA, it suggested to the trial court that the APA controls as the matter stemmed from an administrative proceeding over which there was no specific method of review. In pertinent part, La.R.S. 49:964(A)(1) (emphasis added) provides, in part, that:

> [A] person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, *without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law.* A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.

After review, however, we find that the City's assertion in this regard is in error. First, La.R.S. 49:964(A) relates to matters that arise "under this Chapter" and, like La.R.S. 49:964(B), refers to ones conducted by an "agency." This matter neither arose under the "Chapter," nor was it conducted by an "agency" under the terms of the APA.

On this latter point, La.R.S. 49:951(2) (emphasis added) provides:

> "Agency" means each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by,

or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana, *except* the legislature or any branch, committee, or officer thereof, *any political subdivision, as defined in Article VI, Section 44 of the Louisiana Constitution, and any board, commission, department, agency, officer, or other entity thereof*, and the courts.

Rather than an agency, this matter proceeded before the City Council, the legislative arm of the City, a political subdivision of the State. *See* La.Const. art. 6, § 44(2) ("'Political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions."). Accordingly, the plaintiffs appropriately discount the applicability of the thirty-day period of La.R.S. 49:964(B).

Alexandria Code of Ordinances

We additionally note that, in ruling, the trial court referenced not only the thirty-day period of the APA, but further noted the consistency between that former period and the thirty-day period for review contained within the Alexandria Code of Ordinances. The City introduced a portion of that Code as an exhibit in support of its earlier exception of prematurity. Reference to that Subsection, titled "Judicial Review," reveals that:

    a.    A person who is aggrieved by a final decision or order in a hearing proceeding is entitled to judicial review.

    b.    Proceedings for review may be instituted by filing a petition in the district court of the parish in which the city is located within (30) days after mailing of notice of the final decision by the city.

    c.    The filing of the petition does not itself stay enforcement of the city's decision. The city may grant, or the reviewing court may order, a stay upon appropriate terms.

Certainly, the plaintiffs' September 27, 2017 filing of its petition for review did not satisfactorily fall within such delay as applicable.

Devolutive Appeal

Finally, and as expressed by the trial court, it is clear that even upon application of the more expansive judicial appellate delays, the plaintiffs' petition for review was untimely. Providing the delay for a devolutive appeal, La.Code Civ.P. art. 2087 states:

> A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

Obviously, the period between the July 20, 2017 issuance[4] of the ALJ's Order of Appeal and the September 27, 2017 filing of the petition for review exceeded the sixty-day delay of Article 2087.

Dismissal Without Prejudice

The plaintiffs additionally assert that, since the trial court dismissed earlier petitions without prejudice, the instant matter could be refiled without application of appellate delays. They cite La.Code Civ.P. art. 1673 for support and note that it provides: "A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."

Nevertheless, while the trial court initially dismissed the plaintiffs' claims without prejudice, it did so in light of the proceedings ordered before the City

---

[4] The plaintiffs suggested to the trial court that they had no record of "being served" with the Order of Appeal from the ALJ. The trial court rejected that assertion due to the record's inclusion of July 20, 2017 correspondence from the ALJ informing the trial court of the Order of Appeal and attaching the Order thereto. The trial court observed that counsel for the plaintiffs was included in the service list.

Council. Those proceedings were conducted and resulted in the type of final adjudication anticipated by the trial court's order. As discussed above, the plaintiffs did not avail themselves of timely review of that adjudication, resulting in its finality. Additionally, and as remarked upon by the trial court in ruling, the supreme court has explained that there is no event in which there is "an absence of statutory provision for the time delays within which the petition [for judicial review of an administrative order] must be filed. The equitable doctrine of laches, therefore, has no application in such cases." *Corbello v. Sutton*, 446 So.2d 301, 302 (La.1984).

*Constitutionality Issues*

We finally note that, in addition to their request for review of the Order of Appeal and to the re-urging of their claim for damages, the plaintiffs also suggest that their petition alleges certain constitutional violations stemming from the Ordinance enacted by the City to establish the procedure. Undoubtedly, pursuant to La.Const. art. 5, § 1, "[t]he judicial power of the state is constitutionally vested in the courts." *ANR Pipeline Co. v. La. Tax Comm'n*, 02-1479, p. 8 (La. 7/2/03), 851 So.2d 1145, 1150 (quoting *Midboe v. Comm'n on Ethics for Pub. Emps.*, 94-2270, p. 7 (La. 11/30/94), 646 So.2d 351, 355). Here, the plaintiffs raised their claims by their second-filed petition of March 10, 2017, which the trial court dismissed upon a finding of prematurity. The plaintiffs did not seek review of that determination at that time. Instead, they now question the trial court's determination that their March 2017 claim was premature and further seek to re-urge their constitutional claims in the petition now under consideration. We have determined above that the trial court appropriately concluded that it lacked subject

14

matter jurisdiction due to finality of the underlying judgment.  Accordingly, we do not further address the plaintiffs' contention in this regard.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.  The Motion for Partial Dismissal and/or Motion to Strike is denied as moot.  Costs of this proceeding are assessed to the plaintiffs/appellants.

**AFFIRMED.    MOTION   FOR   PARTIAL   DISMISSAL   AND/OR MOTION TO STRIKE DENIED AS MOOT.**